IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT L. MATTHEWS, | ) | CASE NO. 3:13 CV 1850 |
| | ) | |
| Petitioner, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| KEVIN JONES, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of Robert L. Matthews for a writ of habeas

corpus under 28 U.S.C. § 2254.[2] Matthews is currently incarcerated by the State of Ohio at

the Allen Oakwood Correctional Institution in Lima, Ohio,[3] where he is serving a prison term

of ten years imposed by the Allen County Court of Common Pleas after accepting Mathews's

2010 guilty plea to multiple drug possession and trafficking charges.[4]

In his petition, Matthews raises a single ground for relief alleging that the trial court

denied him the right to withdraw his guilty plea.[5] He has also requested the appointment of

---

[1] The matter was referred to me by United States District Judge Jack Zouhary under
Local Rule 72.2 in a non-document entry dated August 29, 2013.

[2] ECF # 1.

[3] *See*, http://www.drc.ohio.gov/OffenderSearch.

[4] ECF # 1 at 1.

[5] *Id.* at 5.

an attorney.[6] The State, in its return of the writ, argues that the petition should be dismissed because Matthews did not fairly present his claim to the Ohio courts as a federal constitutional issue or because the claim has been procedurally defaulted.[7] In addition, the State maintains that Matthews has not shown that there is a clearly established federal right to withdraw a guilty plea.[8] Alternatively, the State contends that the claim be denied on the merits because the state court decision rejecting this claim on appeal was not an unreasonable application of clearly established federal law or contrary to such law.[9]

For the reasons that follow, I will initially recommend denying Matthews's request for counsel and further recommend that his petition be dismissed as procedurally defaulted.

## Facts

**A.     Background facts, plea and sentence**

The relevant background facts, summarized here, were found by the Ohio appeals court on its review of the record.[10]

---

[6] *Id.*, at 13.

[7] ECF # 11 at 20-23.

[8] *Id.* at 22.

[9] *Id.* at 23-31.

[10] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

Essentially, Matthews sold crack cocaine to a confidential informant in multiple controlled purchases in 2005 and 2006 in Lima, Ohio.[11] These incidents resulted in three indictments in 2006, each with numerous drug-related charges.[12] Matthews pled not guilty, the three cases were scheduled to be tried together, and Matthews was released on bond.[13]

Matthews then disappeared, not surfacing again until October, 2010, when he appeared in court and waived his speedy trial rights.[14] On November 18, 2010, the trial court conducted a pre-trial hearing at which Matthews agreed to plead guilty to all charges in the three indictments in return for a stipulated sentence of ten years in prison.[15]

But, prior to sentencing, Matthews filed a motion to withdraw his guilty plea, and then fired his counsel.[16] After Matthews was briefly hospitalized for an unspecified medical condition, he appeared in court on January 27, 2011, along with new counsel, for a hearing on the motion to withdraw the plea, at which Matthews and his sister testified.[17] The court overruled the motion to withdraw and set a date for sentencing.[18] Before that date, Matthews

---

[11] ECF # 11-1 (state court record), at 15-19 (appellate court opinion).

[12] *Id.*

[13] *Id.*, at 19.

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*, at 20.

[18] *Id.*

again absconded, causing the trial judge on March 7, 2011, to issue a bench warrant for his arrest.[19]

Eventually, on July 19, 2011, Matthews was present in court, and the trial judge imposed the aggregate ten-year sentence stipulated to in the plea agreement.[20]

## B.    Direct appeal

### 1.    *Court of appeals*

On July 21, 2011, Matthews, through counsel, timely[21] filed notices of appeal in all three cases.[22] The state appeals court then, *sua sponte*, consolidated the cases into a single matter.[23] Matthews raised a single assignment of error:

> The trial court erred in overruling the defendant's pre-sentence motion to withdraw his guilty plea without a hearing.[24]

The State responded in opposition.[25] On April 30, 2012, the Ohio appeals court overruled the assignment of error and affirmed Matthews's convictions and sentence.[26]

---

[19] *Id.*

[20] *Id.*

[21] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See also*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007).

[22] ECF # 11-1, at 94, 95, 96.

[23] *Id.*, at 97.

[24] *Id.*, at 98.

[25] *Id.*, at 127.

[26] *Id.*, at 14.

## 2.    *The Supreme Court of Ohio*

On June 8, 2012, Matthews, *pro se*, timely[27] filed a notice of appeal with the Supreme

Court of Ohio.[28] Matthews raised the following proposition of law:

> A trial court errs when it overrules a pre-sentence withdrawal of [a] guilty plea
> motion when there are reasonable grounds to do so.[29]

The State did not file a response. On September 26, 2012, the Supreme Court of Ohio

denied leave to appeal, dismissing Matthews's appeal as not involving any substantial

constitutional question.[30] The record does not indicate that Matthews filed a petition for a

writ of certiorari with the United States Supreme Court.[31]

## C.    Post-conviction relief

While his direct appeal was pending in the Ohio Supreme Court, Matthews, *pro se*,

filed motions in the trial court to correct an allegedly void sentence in two of the three

---

[27] To be timely under Ohio Supreme Court Rule of Practice 2.2(A)(1)(a), a notice of
appeal must be filed within 45 days of entry of the appellate judgment for which review is
sought. *See also*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010).

[28] ECF # 11-1, at 144.

[29] *Id.*, at 146.

[30] *Id.*, at 172.

[31] *See*, ECF # 11 at 10.

cases.[32] The State did not respond, and the next day the trial court denied both motions on the basis of *res judicata.*[33] Matthews did not appeal this decision.[34]

**D.      Application to re-open the direct appeal**

Just three weeks after filing the motions with the trial court to correct the sentence, and also while the direct appeal was still pending before the Ohio Supreme Court, Matthews, *pro se*, timely filed an application with the Ohio appeals court pursuant to Rule 26(B) to re-open his appeal on the ground that his appellate counsel was allegedly ineffective for failing to raise the issue of a void or voidable sentence on direct appeal.[35] The State did not respond, and on July 31, 2012, the appellate court denied the application.[36]

Matthews did not appeal this decision to the Ohio Supreme Court.

**E.      Federal habeas corpus petition**

On August 13, 2013,[37] Matthews, *pro se*, timely filed[38] the present petition for habeas relief, raising the following single ground for relief:

---

[32] ECF # 11-1, at 173, 180.

[33] *Id.*, at 187, 189.

[34] *See*, ECF # 11 at 10.

[35] ECF # 11-1, at 191.

[36] *Id.*, at 198.

[37] This is the date Matthews signed his petition and placed it into the prison mail system. ECF # 1 at 13. As such, it is considered the date the petition was filed. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988). The petition was docketed here on August 22, 2013.

[38] *Id.* This petition was filed less than one year after the Ohio Supreme Court dismissed Matthews's appeal on September 26, 2012, and so is timely.

**GROUND ONE**: I WAS DENIED THE RIGHT TO TRIAL BY JURY, AND TO WITHDRAW A PRE-SENTENCE PLEA WHICH I THOUGHT I UNDERSTOOD, BUT WASN'T AS IT WAS CONVEYED TO ME. THE COURT MISCONTRUES THE FACTS FURTHER BY STATING THAT I WITHDREW MY PLEA BECAUSE OF THE ADVISE OF COUNSEL, WHO WAS NEVER CALLED TO TESTIFY, MY RESPONSES TO THE COURTS QUESTIONS WERE MISPLACED AND TAKEN OUT OF CONTEXT. BECAUSE THE QUESTIONS WERE ASKED ABOUT THE PREVIOUS PLEA AFTER THE FACT, I ACKNOWLEDGED MY UNDERSTANDING OF THE PLEA AT THE TIME AT HAND, AND NOT PREVIOUS TO THE PLEA, RETAINING MY RIGHT TO WITHDRAW RENDERING SENTENCE VOID OR VOIDABLE.[39]

As noted above, the State argues that the petition should be dismissed because Matthews failed to fairly present this claim to the Ohio appeals court as a federal constitutional matter, or because he later procedurally defaulted the claim by attempting to phrase it as a federal claim to the Ohio Supreme Court, which could not consider a different claim from that presented to the appeals court. Further, the State asserts that Matthews has not shown that there is a federal right to withdraw a guilty plea before sentencing. Alternatively, the State contends that the claim should be denied on the merits because the state appeals court decision was a reasonable application of, or not contrary to, the clearly established federal law of guilty pleas.

As noted earlier, Matthews has not filed a traverse, but has requested the appointment of counsel.

---

[39] ECF # 1 at 5.

## Analysis

### A.     Matthews should not have counsel appointed

It is well-established that because habeas proceedings are civil, not criminal, matters, habeas petitioners have no constitutional right to counsel in federal habeas actions.[40] Nevertheless, federal statute provides that the habeas court has the discretion to appoint counsel for any petitioner proceeding as a pauper "if the interests of justice so require."[41] The appointment of counsel for such petitioners is deemed mandatory and in the interest of justice whenever an evidentiary hearing is ordered.[42] In exercising its discretion in all other circumstances, the district court should consider the legal and factual complexity of the case, the petitioner's ability to investigate and present his claims, and any other relevant factors.[43]

Matthews has advanced no reason to support the appointment of counsel here. In fact, his petition contains a single ground for relief that was thoroughly briefed in the state courts, and he has not suggested that there are any new or novel aspects to his claim that would point to the need for an appointed attorney. Further, the determinative issue in this case is the procedural default created when Matthews changed the theory of his claim between the assignment of error presented to the appeals court and the proposition of law presented to the

---

[40] *Barker v. Ohio*, 330 F.2d 594 (6th Cir. 1964) (*per curiam*) (citations omitted).

[41] 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B).

[42] Rule 8(c), Rules Governing § 2254 Cases.

[43] *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994); *Gammalo v. Eberlin*, No. 1:05CV00617, 2006 WL 1805898, at *2 (N.D. Ohio June 29, 2006) (citing *Hoggard*).

Ohio Supreme Court. Only Matthews knows why this was done, and he has not filed a

traverse to explain it in the context of a cause and prejudice analysis. In such a situation,

there is no basis for appointing counsel.

Accordingly, I recommend that Matthews's request for the appointment of counsel

be denied.

**B.     Preliminary observations**

Before proceeding further, I make the following preliminary observations:

1.     There is no dispute that Matthews is currently in state custody as a result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, Matthews meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[44]

2.     There is also no dispute, as detailed earlier, that the petition here was timely filed under the applicable statute.[45]

3.     In addition, Matthews states,[46] and my own review of the docket in this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[47]

4.     Moreover, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[48]

---

[44] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[45] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[46] ECF # 1 at 11.

[47] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[48] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

5.      Finally, Matthews has requested appointment of counsel, which matter is discussed above.[49] He has not requested an evidentiary hearing to develop the factual bases of his claims.[50]

## C.      The law of procedural default

Under the doctrine of procedural default, the federal habeas court may not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule.[51]

When the State asserts a violation of a state procedural rule as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)     Does a state procedural rule exist that applies to the petitioner's claim?

(2)     Did the petitioner fail to comply with that rule?

(3)     Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

(4)     Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[52]

---

[49] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[50] 28 U.S.C. § 2254(e)(2).

[51] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

[52] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

In addition to establishing these elements, the state procedural rule must be (a) firmly established, and (b) regularly followed before the federal habeas court will decline review of an allegedly procedurally defaulted claim.[53]

If the State establishes a procedural default, the petitioner may overcome the default if he can show (1) cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[54] In addition, a showing of actual innocence may also excuse a procedural default.[55]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, prevented him from complying with the state procedural rule.[56] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[57] If the petitioner cannot show a reasonable probability of a different outcome at trial, prejudice does not exist.[58]

---

[53] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[54] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[55] *Id.*

[56] *Id.* at 753.

[57] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[58] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

Notwithstanding these elements, the Supreme Court has held that federal habeas courts need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[59] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[60]

**D.     Application of standard – the petition should be dismissed because it is procedurally defaulted.**

As the State observes, when Matthews first attempted to withdraw his plea, his motions in the trial court were solely based on Ohio Criminal Rule 32.1 and on Ohio cases interpreting that rule.[61] Accordingly, the trial court reviewed the motions in light of the requirements of that state law rule, and its denial of the motions was founded on state law.[62]

Similarly, on direct appeal to the Ohio appeals court, Matthews did not cite any federal cases or mention any federal issues, principles, or rights in his brief, citing, instead, only three Ohio cases interpreting Ohio law, and Ohio Criminal Rule 32.1.[63] Thus, by phrasing his claim solely and exclusively as one arising from a violation of a state rule of criminal procedure, Matthews did not alert the Ohio appeals court that he was actually raising

---

[59] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[60] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[61] ECF # 11-1, at 40, 62, 82.

[62] *Id.*, at 45, 67, 87.

[63] *Id.*, at 98.

a federal constitutional claim and thereby give that court an opportunity to address that claim.[64]

Under Ohio law, the motion to withdraw a guilty plea, when made prior to the imposition of a sentence, requires the trial court to conduct a hearing to determine if there is a reasonable and legitimate basis to withdraw the plea.[65] The court's decision after such a hearing will not be disturbed on appeal except for abuse of discretion.[66] Thus, when this issue, framed in this fashion, was presented to the Ohio appeals court, nothing in that formulation, which rests on abuse of discretion for violating Ohio Criminal Rule 32.1, can be understood as fairly presenting the Ohio court with a federal constitutional claim arising from an invalid plea.[67] In fact, federal habeas courts in Ohio have found that lack of compliance with Ohio Criminal Rule 32.1 is an adequate and independent state law ground

---

[64] *O'Sullivan*, 526 U.S. at 842; *Wilson v. Mitchell*, 498 F.3d 491, 498-99 (6th Cir. 2007); *Stanford v. Parker*, 266 F.3d 442, 451 (6th Cir. 2001) (petitioner must raise claims to the state court in constitutional, not state law, context).

[65] *State v. Xie*, 62 Ohio St. 3d 521, 527, 584 N.E.2d 715, 719 (1992).

[66] *Id.*

[67] As I noted in identical circumstances in *Johnson v. Hudson*, No. 4:08CV149, 2009 WL 1203400, at *7 (N.D. Ohio Apr. 30, 2009), a report and recommendation that was adopted by Judge Sarah Lioi, a claim based on an Ohio trial court's purported abuse of discretion in not allowing the withdrawal of a guilty plea, merely alleges a violation of state law, and of itself does not state a cognizable ground for federal habeas relief. This precise holding was later reiterated in *Smith v. Hudson*, No. 1:08 CV 1141, 2009 WL 3052354, at *28 (N.D. Ohio Sept. 23, 2009) where Judge Polster adopted my report and recommendation that found, citing *Johnson*, that "a claim that an Ohio court abused its discretion in denying a motion to withdraw a guilty plea, solely made pursuant to Ohio Criminal Rule 32.1, does not state a cognizable claim for habeas relief and so should be dismissed."

for denying federal habeas review of the underlying claim concerning the withdrawal of a guilty plea.[68]

Moreover, this failure to fairly present this claim to the appeals court as a federal constitutional issue was not cured when, in the appeal to the Supreme Court of Ohio, Matthews altered the legal theory of his sole proposition of law from a violation of Ohio Criminal Rule 32.1 to include some federal cases going to the voluntariness of a guilty plea.[69] First, as discussed above, the standard for evaluating the ultimate constitutional validity of the plea is a separate issue from the state law procedural question of when, and in what manner, a defendant may seek to withdraw a plea once entered. Second, as the State points out, the Ohio Supreme Court will not consider a constitutional issue that has not been raised and argued to the appeals court.[70] Finally, fair presentment of a claim means that a federal habeas petitioner must present to the federal court the same claim on the same theory as the claim he presented to the state courts.[71]

Thus, as detailed above, Matthews's claim for relief here was not fairly presented to the Ohio courts as a federal claim. But because he cannot now return to the Ohio courts to

---

[68] *Gatchell v. Gansheimer*, No. 1:09 CV 565, 2010 WL 3515999, at *7 (N.D. Ohio Aug. 31, 2010) (citing *Peoples v. Moore*, No. 1:06-CV-00791, 2008 WL 2498136, at *7 (S.D. Ohio Jun. 18, 2008)).

[69] ECF # 11-1, at 151-53.

[70] *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985); *State v. Phillips*, 27 Ohio St.2d 294, 302, 272 N.E.2d 347, 352 (1971).

[71] *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987).

re-present his claim due to the principle of *res judicata*, which is here understood in the context of waiving a claim that was not presented at the earliest opportunity,[72] consideration of such a claim would be precluded by procedural default, unless Matthews could excuse such a default by showing cause and prejudice, or by demonstrating actual innocence.

Matthews has made no attempt at excusing the default on any basis. Indeed, as noted above, he did not choose to file a traverse.

Matthews's petition should be dismissed as procedurally defaulted.

## Conclusion

For the reasons stated, I recommend first that Matthews's request for the appointment of counsel be denied and then that the petition be dismissed as procedurally defaulted.

Dated: January 22, 2015                             s/ William H. Baughman, Jr.
                                                    United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[73]

---

[72] The Sixth Circuit in the recent unpublished case of *Phillips v. Houk*, __ F. App'x __, 2014 WL 5137586 (6th Cir. Oct. 14, 2014), clarified that *res judicata*, in the sense that a matter which has been previously heard and adjudicated would not be considered again, is not a procedural default, since it is, in fact, evidence that the issue has been given full consideration by the state court and so is ripe for adjudication by the federal courts. But where the issue was not fully heard in the state court because the petitioner violated a state rule, such an issue is correctly deemed waived, which is a procedural default.

[73] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).